## BURNS v NAVORSKA

Ohio Appeals, 5th Dist, Stark Co

Decided May 5, 1932

G. J. Burris, for plaintiff.
Clayton Hoffman, Canton, for defendant.

SHERICK, PJ.

The defendant advances four reasons why the plaintiff is not entitled to the relief prayed for. It is first said that the plaintiff does not come into this court of equity with clean hands. We doubt the propriety of this equitable maxim to the situation developed in this case. The defendant's second reason, as assigned, is that the defendant, by reason of the purchase of this market, has thereby acquired the use and the right to the trade name. We have previously stated that the contents of the instrument of sale, entered into between Burns and Navorska's grantors, do not show that Burns conveyed to his grantees the good will of the business, nor does the instrument recite that he conveyed away to his purchasers the right of user in the business of the family name of Burns. Burns' grantees could therefore not convey to the

defendant a right which they did not have.

It is stated in Nims on Unfair Competition and Trade-Marks (3d Ed.), 58, §19, that the presumption is that no one intends to part with the right to use his own name, and it is equally true that a presumption will not be indulged that he intended to convey it away in the absence of express language to that effect, and it must be clearly shown that it was the intention of the grantor, the possessor of the name, to part with his right thereto.

The third theory advanced by the defendant is that the plaintiff is estopped by his conduct to now claim an exclusive right to the use of the trade-name Burns. The fourth claim of the defendant is that the plaintiff has unfairly competed with the defendant, and this rather dovetails into what we are about to say concerning the claim of estoppel. We find that it is proved by the evidence in the case that Burns, at the time of his sale, remained in the store with his grantees for a period of a month. He knew that his purchasers were continuing the use of the word Burns in their business. He also knew of the subsequent sale by his grantees to the defendant, Navorska, and he knew that the appellant, Navorska, continued the use of the word, and that he also used the stationery and billheads that bore the trade-name "Burns Meat Market"; that the same name continued upon the window of the place of business and upon the delivery truck or trucks used in the business; that the telephone number was continued under this name; that Navorska collected some few accounts for Burns, and that Burns purchased meats of Navorska at intervals during Navorska's seven or eight years of continuance of the business under the name of "Burns Meat Market." Burns made no objection to the use of his name, and during all of said period tacitly consented to its use, well knowing that the defendant, Navorska, was spending time and money in the advancement of his business and in the advertising of the name "Burns Meat Market." Under this state of facts we hold the view that there is merit in the contention that the plaintiff, by his silence and conduct, is estopped to now claim the relief prayed for.

We recognize that the cases uniformly hold that there is no exclusive use to, or in, a proper name. The right to use one's own name in business is subject to the general rules in regard to unfair competition. and it may be noted that there is nothing in the facts shown in this case indicative of any bad faith or purposeful interference by Navorska with the business of Burns, but the confusion that now results is caused by the use by both places of business of the name Burns and the close proximity of one to the other.

We have been cited to numerous cases pertaining to some feature of the question presented, but, as suggested by counsel, both we and they have been unable to find any case exactly parallel to the instant case. We, therefore, in a determination of the question presented, must and do content ourselves with the statement of a general proposition of law taken from the case of R. L. Bennett & Sons v Farmers' Seed & Gin Co., (C. C. A.), 288 F., 365, which seems to us to be sound in principle and reason to the particular facts presented in this case. Therein the court held that, if the proprietor of a name or mark has stood by and allowed others to use it under such circumstances and for such time that his consent, or at least a continued attitude of noninterference on his part, may reasonably be inferred, he may not cause others who have acted upon the strength of his silence and inaction to lose the result of the work and money expended on the assumption that he consented thereto.

We further direct attention to the case of Bellows v Bellows, 24 Misc. Rep., 482, 53 N. Y. S., 853. It is therein held that, where it plainly appears that the right to use a trade-name has been abandoned, the court will not restrain the use of such name by another person, especially if he has spent time and money in building up its reputation.

The case of Harris v Brown, 202 Pa., 16, 51 A., 586, 90 Am. St. Rep., 610, is of note. Therein it is held that, where defendant purchased a business and continued to use the firm name after nearly four years, and expended large sums of money, with knowledge and consent of the plaintiff, plaintiff could not enjoin the use of the name by defendant.

Being of the opinion that the question of estoppel is applicable in this case and helpful in its solution, we feel constrained to discuss briefly a further proposition suggested in argument. It is contended by the plaintiff that this is an action which has its basis in unfair competition, and we recognize the principle advanced by plaintiff in that he cannot be charged with laches in this case, which would estop him from the right to the relief claimed, and we must well recognize that this is true by reason of the fact that plaintiff cannot be chargeable with laches until after the time of his re-entry into the business; for, as pointed out, there can be no unfair competition until there is actual competition. However, this question is not, and should not be, decisive of the question of estoppel. We conceive it to be proper in a certain case for

one not in competition to properly object to the use of his name by another. The latter might deceive the public by the use of such name, and obligate one by so doing, which one would have a perfect right to avoid in a proper action in equity.

Independent of the question of laches, we therefore reach the conclusion that the silence and conduct of the plaintiff must preclude him from the relief which he now seeks. Searching the substance, and not the form, we advance the thought that the plaintiff knew or must have known that the confusion complained of would follow his re-entry into business in the same locality under the same name, and he is therefore partially responsible for the situation developed.

Decree may be entered in favor of the defendant, the injunction is dissolved, and the petition is dismissed at plaintiff's costs.

Decree for defendant.

LEMERT and MONTGOMERY, JJ, concur.